<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMSON BROWN, et al.          :   Civ. No. 98-1282(DRD)
                              :
        Plaintiffs,            :   **O P I N I O N**
                              :
    v.                        :
                              :
ESMOR CORRECTIONAL SERVICES,  :
INC., et al.                  :
                              :
        Defendants.            :
                              :

BRUCE J. RESSLER, ESQ.
ELLEN R. WERTHER, ESQ.
RESSLER & RESSLER
48 Wall Street
New York, New York 10005
        Counsel for Class Plaintiffs

FRANK R. VOLPE, ESQ.
RYAN D. NELSON, ESQ.
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, NW
Washington, DC 20005

LARRY S. REICH, ESQ.
BLANK ROME LLP
405 Lexington Avenue
New York, New York 10174
        Counsel for Defendant Esmor
        Correctional Services, Inc.

CARMEN E. MENDIOLA, ESQ.
286 1st Street
Jersey City, New Jersey 07302
        Counsel for Joaquin DaSilva, et al.

**Debevoise, Senior District Court Judge**

On August 10, 2005 the court entered an opinion and order approving the settlement of this class action as fair, reasonable and adequate, approving a Plan of Allocation and allowing attorneys' fees and expenses. On August 23, 2005 counsel for seven persons (the "DaSilva Plaintiffs") who had been plaintiffs in a previously dismissed action (the "DaSilva Action")[1] manually filed a Motion for Reconsideration of the Settlement Order. For the reasons set forth below the motion will be denied.

## I. Background

The instant action is a class action instituted by plaintiffs, undocumented aliens who were detainees at a facility (the "Facility") which defendant Esmor Correctional Services, Inc. ("Esmor") operated under contract with the Immigration and Naturalization Service in Elizabeth, New Jersey. Two related actions against Esmor and others were filed - the DaSilva Action and an action that will be referred to as the "Jama Action."[2] The three actions were consolidated for discovery purposes. During the course of the proceedings the question arose whether the DaSilva Plaintiffs and the Jama Plaintiffs had effectively opted-out of the instant action.

Failure of the DaSilva Plaintiffs and the Jama Plaintiffs to opt-out of this action in accordance with a March 9, 1999 order resulted in extensive proceedings before two magistrate judges and this court in which Esmor and the Plaintiffs in this action challenged the effectiveness of the purported opt-outs. On June 10, 2003 the court entered an order extending the time within which the plaintiffs in those cases could opt-out. Nine Jama Plaintiffs filed opt-outs within the

---

[1] Joaquin DaSilva, et al., v. Esmor Correctional Services, Inc., Civil Action No. 96-3755.

[2] Hawa Abdi Jama, et al. v. U.S. Immigration & Naturalization Serv., Civil Action No. 97-3093.

extended deadline; none of the DaSilva Plaintiffs did so. Because the DaSilva Plaintiffs had not opted-out of the class, they became members of the class and the court dismissed the DaSilva Action. As class members the DaSilva Plaintiffs are entitled to share in the Settlement Fund if they file timely proofs of claim. The nine Jama Plaintiffs were not members of the class and continue to pursue their independent action[3].

After merits discovery in this action was substantially completed and after Esmor's motions for summary judgment were briefed, argued and decided, Esmor's counsel and class counsel entered into settlement discussions and eventually arrived at a settlement. On May 24, 2005 the court preliminarily approved the settlement of this action. Prior to June 24, 2005, class counsel mailed notifications to all class members, including counsel for the DaSilva Plaintiffs, informing them of the settlement terms, the August 1, 2005 objection deadline, and the August 10, 2005 fairness hearing. Class counsel posted this information on its internet website and published it in four ethnic newspapers.

On August 1, 2005 Jama Plaintiffs filed a letter requesting intervention and amicus participation along with objections to the settlement. The objections were directed to the provision of the Settlement Agreement in which Esmor undertook not to settle the Jama Action for amounts more favorable to the Jama Plaintiffs than the amounts paid to the class plaintiffs.

---

[3] Esmor appealed the court's June 10, 2003 opt-out order. If it succeeds on appeal the Jama Plaintiffs will become members of the class entitled to share in the Settlement Fund. The DaSilva Plaintiffs appealed the dismissal of their independent action and the ruling that by failing to properly opt-out they are members of the class. If they succeed on appeal they will no longer be class members and will be able to pursue their independent action.

The Jama Plaintiffs did not challenge the adequacy or fairness of the settlement in this action[4].

On August 2, 2005 counsel for the DaSilva Plaintiffs filed objections. These objections and the several misconceptions contained therein are addressed in the court's August 10, 2005 opinion. The principal objection was "[t]he DaSilva Plaintiffs also request that this Court decline to approve the settlement agreement as it is empowered to do under Fed. R. Civ. P. 23(d)(1)(C) upon a finding that the proposed settlement agreement is not 'fair, reasonable, and adequate.'" Voluminous material was in the record supporting the fairness, reasonableness and adequacy of the settlement. The only argument that the DaSilva Plaintiffs advanced in support of their position was their "[adoption] in [their] entirety the legal arguments and submissions of the Jama Plaintiffs as if fully set forth herein." As the court's August 10, 2005 opinion noted: "The Jama Plaintiffs, however, have advanced no criticism of the fairness, reasonableness and adequacy of the Settlement Agreement insofar as it relates to the Brown Action plaintiffs (included among whom are the DaSilva plaintiffs). Therefore the DaSilva plaintiffs did not advance in their papers a single ground for their contention that the Settlement Agreement is not fair, reasonable and adequate."

At the fairness hearing the DaSilva Plaintiffs' counsel argued with considerable passion that her clients were people of substance and entitled to vastly greater sums of money than they were likely to receive under the Settlement Agreement. She placed nothing in the record about the circumstances of her clients and she addressed none of the many factors that must be

---

[4] At the fairness hearing the court held that the Jama Plaintiffs had standing to object to the Settlement Agreement because of the possibility that the Court of Appeals might reverse this court's order upholding the Jama Plaintiffs' opt-outs. The Jama Plaintiffs sought leave to file additional papers in connection with the Settlement Agreement which the court denied as out of time under the court's order setting deadlines for filing objections.

considered in determining if a settlement is fair, reasonable and adequate.

The court reviewed all the papers submitted in connection with the fairness hearing. It had the benefit of years of association with this case and the related cases during the course of discovery, opt-out motions, motions to dismiss and motions for summary judgment. It concluded that the settlement is fair, reasonable and adequate and set forth its reasons in its August 10, 2005 opinion.

## II.  The Motion for Reconsideration

Counsel for the DaSilva Plaintiffs move for reconsideration of the August 10, 2005 opinion and order, asking that the order approving the Settlement Agreement be vacated.

It is evident that the DaSilva Plaintiffs have not accepted the fact that the court has held that they are members of the class and not parties pursuing an independent law suit. For example they state "[t]he DaSilva Plaintiffs have always maintained their separate action and were unjustifiably tossed into the class action" (Mendiola August 22, 2005 letter at 2). Unless and until the Court of Appeals reverses this court in this regard, the DaSilva Plaintiffs have been and are members of the class. If the Court of Appeals reverses this court's rulings, the DaSilva Plaintiffs will be free to litigate their own case and will not be bound by the terms of the Settlement Agreement.

The DaSilva Plaintiffs object to the fact that the Settlement Agreement was negotiated by class counsel and that their counsel was not present during settlement discussions. This objection was not raised before or at the fairness hearing; in any event, that is the role of class counsel, and if members of the class believed that the settlement was inadequate they had ample opportunity to oppose it.

The DaSilva Plaintiffs appear to be rearguing the opt-out motions, contending that "[b]y its own admission and certification, dated July 19, 1999, then Brown counsel stated 'that they received the DaSilva Plaintiffs' opt out forms.'"  As noted above, if the Court of Appeals accepts this contention the DaSilva Plaintiffs will be unaffected by the Settlement Agreement in this action and have no standing to object to it.

Counsel's letter brief contains a series of generalized statements to support the contention that the Settlement Agreement should not have been approved, e.g., i) "This Court approved a settlement, which on its face runs afoul to (sic) existing case law, and in contrevene (sic) to Rule 23;" ii) "In order for the determination that the settlement is fair, reasonable, and adequate to survive appellate review, the district court must show it has explored comprehensively all relevant factors.  Malchman 106 F.3d at 434.  DaSilva Plaintiffs' (sic) submit that this was not done in the instant litigation.  In fact no relevant factors were explored;" iii) "DaSilva plaintiffs' (sic) submit that the settlement agreement is unfair and harmful in recovery." (Mendiola August 22, 2005 letter at 4 and 5).  While the DaSilva Plaintiffs may not agree with the conclusion contained in the court's August 10, 2005 opinion, the opinion demonstrates that "relevant factors" were at least explored.  Further, the letter brief fails to elucidate the manner in which the settlement "on its face runs afoul to (sic) existing case law."

### III. Discussion

Esmor and the Brown Plaintiffs contend that the court lacks jurisdiction to hear the motion for reconsideration.  They note that the motion was filed manually on August 23, 2005 (not electronically as required by Local Civ. Rule 5.2), and that it was not served on opposing counsel either by fax or regular mail, as certified by counsel; rather opposing counsel did not

6

receive notice of the motion until August 25 through an electronic notice from the Clerk of the Court. The DaSilva Plaintiffs have not challenged these facts.

Under Local Civil Rule 7.1(i) a motion for reconsideration "shall be served and filed within 10 business days after entry of the order or judgment on the original motion by the judge . . ." Even if the Clerk's electronic notice be deemed effective service, it was sent on August 25, 2005 - after the 10-day deadline. Chen v. Rochford, No. Slip. Op., 2005 WL 1950865 (3d Cir. 2005); c.f., Smith v. Evans, 853 F.2d 155 (3d Cir. 1988). If these facts are correct the court lacks jurisdiction and the motion must be dismissed.

If the court has jurisdiction the motion must be denied. A motion for reconsideration is deemed a motion for modification or amendment of the judgment under Fed. R. Civ. P. 59. To prevail a party must show i) an intervening change in controlling law, ii) availability of new evidence not previously available or iii) the need to correct clear error of law or prevent manifest injustice. The DaSilva Plaintiffs have shown none of the foregoing.

Under Local Civil Rule 7.1(g) there shall be served with a motion for reargument "a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." A motion for reargument is not to be used as a vehicle to reargue matters already considered.

The DaSilva Plaintiffs' brief sets forth no matters or controlling decisions which the August 10, 2005 opinion overlooked. Apart from reciting much irrelevant material, the brief simply reiterates the position expressed at the fairness hearing to the effect that the Settlement Agreement does not provide for large enough payments to the DaSilva Plaintiffs. The DaSilva Plaintiffs' papers submitted in connection with the fairness hearing did not present any analysis

of the factors determinative of the question whether the payments are fair, reasonable and adequate; and the motion for reconsideration does not present any analysis of those factors.

The only argument that is new is the contention that the settlement must be vacated because the DaSilva Plaintiffs' counsel were not present when Esmor counsel and class counsel negotiated the agreement. That fact was known to the DaSilva Plaintiffs at the time of the fairness hearing, as it must have been known to all other members of the class. It was not raised at that time and, apart from the fact that the contention has no merit, it cannot be raised for the first time on the motion for reconsideration.

## IV. Conclusion

The court assumes that it has jurisdiction to hear this motion. For the reasons set forth above the motion for reconsideration has no merit and will be denied. The court will file an order implementing this opinion.

October 3, 2005

                                          /s/ Dickinson R. Debevoise
                                          DICKINSON R. DEBEVOISE
                                                U.S.S.D.J.